| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF CROW WING | NINTH JUDICIAL DISTRICT |

Julie Lawrence,

    Plaintiff,

v.

Clow Stamping Company,
a domestic corporation,

    Defendant.

Case Type: Employment
Case No.

**SUMMONS**

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon Plaintiff's attorney an Answer to the Complaint which is herein served upon you, within Twenty-One (21) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Pursuant to Minn. Stat. § 543.22, you are further notified that under the Minnesota Rules of General Practice, all civil cases are subject to Alternative Dispute Resolution (ADR), except for those actions in Minn. Stat. § 484.76 and Minn. Gen. R. Prac. 111.01 and 310.01. The Court Administrator of the above-captioned Court can provide you with information about ADR processes and neutrals.

HEIMERL & LAMMERS, LLC.

Dated: 11-10-20    By: _____

Michael R. Lammers (#0389004)
Scott A. Kruger (#0397117)
11100 Wayzata Blvd., Ste. 211
Minnetonka, MN 55305
(P):612-294-2200
mike@hllawfirm.com
scottk@hllawfirm.com

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF CROW WING | NINTH JUDICIAL DISTRICT |

Julie Lawrence,

    Plaintiff,

v.

Clow Stamping Company
a domestic corporation,

    Defendants.

Case Type: Employment
Case No.

COMPLAINT

Plaintiff Julie Lawrence, for her Complaint against Defendant, alleges as follows:

## INTRODUCTION

1. While an employee of Defendant, Julie Lawrence suffered from a mental health disability in July 2020. Despite alternative work being available, Ms. Hanson was unlawfully terminated by Defendant. Ms. Hanson now seeks damages from Defendant.

## THE PARTIES

2. Julie Lawrence is a resident of Pequot Lakes, Minnesota.

3. Clow Stamping Company, Inc., is a domestic corporation with a principal place of business is located at 23103 County Road 3, Merrifield, MN 56465.

## JURISDICTION

4. The acts and omissions that give rise to her complaint occurred in Crow Wing County, Minnesota making jurisdiction and venue appropriate in Crow Wing County.

## FACTUAL BACKGROUND

5. Julie Lawrence began her employment with Clow Stamping Company on October 4, 2013.

6. Ms. Lawrence held the title of Lead Press Operator and received positive yearly evaluations.

7. Following the spread of COVID-19, Ms. Lawrence's medical providers recommended she take medical leave from work, as she is high risk for serious illness or death.

8. When Ms. Lawrence returned to work on July 6, 2020, she was removed from her position as Lead Press Operator and demoted to a Press Operator.

9. On July 16, 2020, Ms. Lawrence approached Human Resources and told them she was struggling with extreme anxiety and mental health problems. She decided she would need to take medical leave using time allowed under the Family and Medical Leave Act of 1993(FMLA).

10. Even though Ms. Lawrence was using FMLA leave, she was still required to request time off through the employee portal. The portal system had many errors and Ms. Lawrence's requests were repeatedly cancelled and then approved, after Ms. Lawrence called Human Resources about the issue.

11. On July 17, 2020, Defendant provided Ms. Lawrence with the FMLA leave paperwork that noted her leave began on July 16, 2020. She was asked to provide medical documentation to substantiate her need for the leave by July 31, 2020.

12. On July 29, 2020, Ms. Lawrence had her FMLA paperwork completed by her medical providers and contacted Human Resources to let them know she would drop off the paperwork in advance of the deadline. At that time, Ms. Lawrence was notified she had been terminated for too many excused absences.

13. On July 28, 2020, Ms. Lawrence received a letter dated July 28, 2020, requesting she complete an exit interview. The letter stated that her date of termination was July 15, 2020- the day before Ms. Lawrence requested FMLA leave.

## CAUSES OF ACTION

### COUNT I: DISABIITY DISCRIMINATION IN VIOLATION OF MINN. STAT. § 363A.08

14. Minn. Stat. § 363A.08 prohibits an employer from discriminating on the basis of disability.

15. Ms. Lawrence had a disability at the time of her termination.

16. Ms. Lawrence was qualified to perform the position from which she was discharged.

17. Ms. Lawrence was terminated because of her disability.

18. As a result of these unlawful actions, Ms. Lawrence has suffered lost salary and benefits, mental and emotional pain and anguish, and other compensatory damages.

### COUNT II: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 12615(a)(1), - INTERFERENCE

19. Title 29 of the United States Code, § 12615(a)(1)-(2) states:

It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. It shall be unlawful for any employer to discharge or in any many discriminate against any individual for opposing any practice made unlawful by this subchapter.

20. Ms. Lawrence was an eligible employee for FMLA leave.

21. Defendant has more than fifty (50) employees and is an employer subject to the FMLA.

22. Ms. Lawrence gave all required notice under the FMLA.

23. Defendant has interfered with and denied Ms. Lawrence her FMLA rights as described above and herein, in violation of 29 U.S.C. § 2615(a)(1).

24. Defendant discharged Ms. Lawrence, at least in part, for seeking leave under the Family and Medical Leave Act, in violation of Title 29 of the United States Code, § 2615(a)(1).

25. Defendant's interference with Ms. Lawrence's FMLA leave has directly and proximately caused Ms. Lawrence great damages, including but not limited to, lost salary and benefits, mental and emotional pain and anguish, and other compensatory damages.

### COUNT III- DISCRIMINATION AND RETALITION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 12615(a)(1)

26. Plaintiff incorporates the above paragraphs by reference.

27. Title 20 of the Code of Federal Regulations, § 825.220(c), further interprets

U.S.C. § 12615(a), and states:

The Act's prohibition against interference prohibits an employer from discriminating or retaliation against an employee or prospective employee for having exercised or attempted to exercise FMLA rights. For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits), the same benefits would be required to be provided to an employee on unpaid FMLA leave. By the same token, employers cannot use the taking on FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies.

28. Defendant has interfered with Plaintiff's FMLA leave as described above.

29. Plaintiff's activity, as described above, was protected activity under the FMLA.

30. There is a causal connection between Plaintiff's protected activity and Defendant's retaliatory actions described above.

31. Defendant's stated reasons for its refusal to allow Plaintiff to return to work are pretextual.

32. Defendant discharged Ms. Lawrence, at least in part, for seeking leave under the Family and Medical Leave Act, in violation of Title 29 of the United States Code, § 12615(a).

33. Defendant's discrimination and retaliation under the FMLA has directly and proximately caused Plaintiff great damages, including but not limited to, lost salary and benefits, mental and emotional pain and anguish, and other compensatory damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Julie Lawrence prays for judgment against the Defendant with the following relief:

1. That the practices of the Defendant complained herein be adjudged and declared to be in violation of the rights secured to Plaintiff by laws prohibiting reprisal in Minnesota;

2. That Plaintiff be awarded compensatory damages for violations of each act, including lost wages and emotional distress;

3. That the Court award Plaintiff's attorneys' fees, costs, and disbursements pursuant to statute;

4. That Plaintiff be awarded treble and punitive damages as provided by statute; and

5. That Plaintiff be awarded any such other relief she Court deems fair and equitable.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

HEIMERL & LAMMERS, LLC.

Dated: 11-10-20

By: _____
Michael B. Lammers (#0389004)
Scott A. Kruger (#0397117)
11100 Wayzata Blvd., Ste. 211
Minnetonka, MN 55305
(P):612-294-2200
mike@hllawfirm.com
scottk@hllawfirm.com

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that pursuant to Minn. Stat. Sec. 549.211 subd. 2, the Court may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: 11-10-20

_____
Michael B. Lammers